# In the United States District Court
# for the Southern District of Georgia
# Waycross Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CR 509-18 |
| | ) | |
| BRUCE BROWN, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Defendant Bruce Brown's ("Brown") motions for appointment of counsel and motions for reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2), the Fair Sentencing Act of 2010, and the First Step Act of 2018. Dkt. Nos. 1355, 1357, 1361 & 1362. For the reasons set forth below, Brown's motion is **DENIED**.

The Court will first address Brown's § 3582(c) claim. In December 2010, Brown was sentenced to 200 months' imprisonment with the Bureau of Prisons. Dkt. No. 938. In March 2016, the Court reduced Brown's sentence to 174 months' imprisonment pursuant to 18 U.S.C. § 3582(c)(2), fully taking into account the retroactive amendments to the U.S. Sentencing Guidelines that had lowered Brown's advisory range. Dkt. No. 1276 (reducing Brown's total offense level from 39 to 35). Brown is not eligible for any further reduction.

AO 72A
(Rev. 8/82)

Next is Brown's request for "modification of sentence for Work & programming for earned good time credit & work credit[,] which was signed into law by president trump." The Bureau of Prisons was charged with the responsibility of administering and computing Brown's sentence. See United States v. Wilson, 503 U.S. 329, 335 (1992) ("After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence."). An inmate challenging the BOP's application of good-time credit to a sentence must first exhaust his administrative remedies, then seek judicial review pursuant to a habeas petition filed under 28 U.S.C. § 2241. See Reno v. Koray, 515 U.S. 50, 53 (1995) (outlining proper procedural history for inmate challenging BOP application of sentencing credits). To the extent Brown seeks a recalculation of his good-time credit pursuant to Section 102 of the First Step Act, the same administrative exhaustion requirement applies.

With respect to Brown's assertion that the Fair Sentencing Act was not used to determine his sentence, Brown is in error. The Fair Sentencing Act of 2010 was enacted on August 3, 2010 and did indeed lower the crack-to-powder cocaine ratio from 100:1 to 18:1. This was considered by the Court at the time of Brown's sentencing. However, due to ex post facto issues, the November 1, 2008 Guidelines Manual was used to compute Brown's

sentence rather than the November 1, 2010 Guidelines Manual. Brown's base offense level would have been 38 pursuant to either edition of the Guidelines Manual, but another enhancement that applied at the time of sentencing made the use of the 2008 Manual—which was in effect at the time of Brown's offense—more favorable to Brown. Brown is not eligible for any further sentence reduction. Brown's motions for sentence reduction are **DENIED**.

Brown's motions for appointment of counsel are likewise **DENIED**. Defendants seeking sentence reductions pursuant to either 18 U.S.C. § 3582 or 28 U.S.C. § 2241 have no right to appointed counsel. See United States v. Davis, 400 F. App'x 538, 540 (11th Cir. 2010) ("Although a defendant is entitled to counsel during direct appeal, he does not have a Sixth-Amendment right to counsel during collateral attacks on his sentence."); United States v. Webb, 565 F.3d 789, 794 (11th Cir. 2009) ("The notion of a statutory or constitutional right to counsel for § 3582(c)(2) motions has been rejected by all of our sister circuits that have addressed the issue, and we agree with this consensus.").

Brown's motions for sentence reduction and appointment of counsel, dkt. nos. 1355, 1357, 1361 & 1362, are **DENIED**.

**SO ORDERED**, this 18 day of November, 2019.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA