# In the United States District Court
# for the Southern District of Georgia
# Waycross Division

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CR 509-018 |
| BRUCE BROWN, | |
| Defendant. | |

## ORDER

Before the Court is Defendant Bruce Brown's letter/motion to commute his sentence to home confinement. Dkt. No. 1378. For the reasons below, Brown's motion is **DENIED**.

## BACKGROUND

In December 2010, Brown was sentenced to 200 months' imprisonment with the Bureau of Prisons ("BOP"). Dkt. No. 938. In March 2016, the Court reduced Brown's sentence to 174 months' imprisonment pursuant to 18 U.S.C. § 3582(c)(2), fully taking into account the retroactive amendments to the U.S. Sentencing Guidelines that had lowered Brown's advisory range. Dkt. No. 1276 (reducing Brown's total offense level from 39 to 35). According to the BOP website, Brown is currently incarcerated at Petersburg Medium FCI located in Petersburg, Virginia, with a projected release date of February 19, 2022.

Brown now moves to reduce his sentence and asks the Court to place him in home confinement. The Court construes his motion as one for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Brown's motion is primarily based on the COVID-19 pandemic and his assertion of danger to his health. As the Government notes, Brown has not averred that he has exhausted his administrative remedies with the BOP as required by 18 U.S.C. § 3582(c)(1)(A).

The BOP has an administrative process in place to determine how best to respond to the risk each individual inmate faces from COVID-19. The exhaustion requirement allows the BOP to apply that process in a timely and orderly manner without giving preferential treatment to inmates who prematurely file motions with the Court. Having found that Brown has failed to exhaust his administrative remedies, the Court concludes that it does not have jurisdiction to decide Brown's request. See United States v. Matthews, No. 5:01-cr-18, 2020 WL 1845101, at *2 (M.D. Ga. Apr. 10, 2020) ("Because '[n]othing in the record ... indicates [petitioner] exhausted his administrative remedies before filing his request,' the Court does not have jurisdiction to consider the motion." (quoting United States v. Coates, 775 F. App'x 669, 671 (11th Cir. 2019))).

Accordingly, Brown's motion, dkt. no. 1378, is **DISMISSED**.

**SO ORDERED,** this 29th day of April, 2020.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA