UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 5:09cr018 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| BRUCE BROWN | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☐ GRANTED

    ☐ The defendant's previously imposed sentence of imprisonment of _____ is reduced to _____. If this sentence is less than the amount of time the defendant already served, the sentence is reduced to a time served; or

    ☐ Time served.

If the defendant's sentence is reduced to time served:

    ☐ This order is stayed for up to fourteen days, for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release. The defendant shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made,

and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended; or

☐ There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

☐ The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.

☐ Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of ☐ probation or ☐ supervised release of _____ months (not to exceed the unserved portion of the original term of imprisonment).

☐ The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

☐ The conditions of the "special term" of supervision are as follows:

2

☐ The defendant's previously imposed conditions of supervised release are unchanged.

☐ The defendant's previously imposed conditions of supervised release are modified as follows:

☐ DEFERRED pending supplemental briefing and/or a hearing.  The court DIRECTS the United States Attorney to file a response on or before         , along with all Bureau of Prisons records (medical, institutional, administrative) relevant to this motion.

☒ DENIED after complete review of the motion on the merits.

☒ FACTORS CONSIDERED (Optional)

Defendant moves for compassionate release on three bases: conditions of confinement, family circumstances, and medical reasons.  To the extent Defendant moves for compassionate release based upon his conditions of confinement, his motion is **DENIED**.  Confinement conditions are not a basis for compassionate release under 18 U.S.C. § 3582(c).

As for family circumstances, Defendant has not shown that his family circumstances qualify as an "extraordinary and compelling reason" for compassionate release under 18 U.S.C. § 3582(c).  Brown alleges that his son lives with his grandmother who is unable to care for him.  Unfortunately, Brown provides the Court with no evidence to support his claim.  See, e.g., United States v. Richardson, No. 18-507, 2020 WL 220853, at *2 (E.D.N.C. May 6, 2020) ("Although defendant alleges his mother can no longer care for his daughter due to her medical issues, there is no evidence submitted directly from defendant's mother or other records supporting these assertions. Defendant also fails to explain why he is the only available caregiver for the child in these circumstances. The court declines to grant compassionate release in the absence of a robust

3

evidentiary showing that defendant is the only available caregiver."). Brown also fails to explain why he is the only available caregiver for his son or why his mother, who Brown alleges would pick him up if released, cannot provide such care. See United States v. Shine, No. 14-451, 2020 WL 3440654, at *3 (N.D. Tex. June 23, 2020) ("That other people within [defendant's] family can potentially take care of her children while she is imprisoned cuts against compassionate release here.").

☒ DENIED WITHOUT PREJUDICE because the defendant has not exhausted all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since receipt of the defendant's request by the warden of the defendant's facility.

With regard to Defendant's assertion that his medical condition qualifies as an "extraordinary and compelling reason" under 18 U.S.C. § 3582(c)(1)(A), the Court finds he has not exhausted his administrative remedies.

IT IS SO ORDERED.

Dated: December 18, 2020

_____
UNITED STATES DISTRICT JUDGE